**In re GEORGE G.**

**No. 95–638–M.P.**

Supreme Court of Rhode Island.

May 24, 1996.

Regina Gibbs (DCYF), for plaintiff.

Lauren Q. D'Ambra, Sharon O'Keefe (Child Advocate), Andrew Horwitz, Bristol, Barbara Hurst, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The Department of Children, Youth and Families (the department) challenges a Family Court order which directed it to retain legal counsel for George G. (George), a juvenile placed in its temporary custody. George was brought before the Family Court on several criminal petitions of waywardness and on a parental petition asserting disobedience. He appeared before the Family Court on September 26, 1995, for pretrial on the outstanding criminal and parental petitions. At this hearing it was determined that the Department of the Public Defender (the Public Defender) could not represent George on the basis of the fact that it had a conflict of interest because it had already been appointed to represent a codefendant. A Family Court justice then ordered the department to retain defense counsel for George at its expense.

Subsequently, on October 6, 1995, the department appeared before the court and requested that the trial justice vacate the order that the department retain counsel for George or, in the alternative, issue a stay of its order pending appeal to this court. On November 6, 1995, the court denied both department requests.

Thereafter, on November 17, 1995, George appeared before the Family Court for a pretrial hearing with counsel retained by the department. At the hearing George made admissions to the charges against him, and the trial justice placed him on probation for one year on the condition that he remain in and cooperate with his current placement.

In the meantime the department filed the instant petition for certiorari, which was granted by this court on November 22, 1995.

In its petition the department asserts, inter alia, that the Family Court trial justice exceeded his authority and violated executive order No. 94–02 of this court when he ordered the department to retain defense counsel for George. Several amici, including the Public Defender; the American Civil Liberties Union, Rhode Island Affiliate; and the Office of the Child Advocate, have filed appellate memoranda and argued that the trial justice acted well within the bounds of his discretion when he ordered the department to retain defense counsel for George at its expense.

Although the facts of this specific case are moot, the issue presented is one of importance which is capable of repetition and evades review. The issue before us therefore warrants our attention and will be addressed. *See Morris v. D'Amario,* 416 A.2d 137, 139 (R.I.1980).

Executive order No. 94–02 provides in pertinent part that "[i]n the Family Court the Public Defender may be appointed for respondents charged with acts of delinquency or in the discretion of the court where incarceration is expected for charges of acts of waywardness. Private counsel should only be appointed in situations in which the Public Defender is for good cause unavailable by reason of a conflict."

In the instant case the trial justice stated that the charges against George might result in deprivation of liberty, and he acknowledged that he had the discretion to appoint counsel pursuant to executive order No. 94–02. We are of the opinion that the trial justice, after having determined that the charges against George might result in deprivation of liberty, had an obligation to appoint private counsel at the expense of the court pursuant to executive order No. 94–02 since the Public Defender was unable to represent him because of a conflict. Consequently we conclude that it constituted error for the trial justice to have ordered the department to use its funds to retain counsel for George.

For these reasons the petition for certiorari is granted, the Family Court order directing the department to secure counsel and pay his or her expenses is quashed, and the papers of the case are remanded to the Family Court with our decision endorsed thereon.